No. 132977

FRANCIS J. CUMMINGS, ET AL

v.

ROSLINDALE COOPERATIVE BANK
OF BOSTON

Argued: November 19, 1965.   Decided:
January 11, 1966.

See: Concurring Opinion Of Gillen, J. And Dissent Of Adlow, C.J.

*Present*: Adlow, CJ., Gillen, Foster, JJ.
Case tried to *Shamon, J.*

*Foster, J.* Action of contract to recover monies held under an escrow agreement. The cause was submitted under the following agreed statement of facts:

"On *March* 12, 1964, the plaintiffs purchased from one Otis Vaughn the property at 10 Stella Road, Boston, and in connection with this purchase they gave to the defendant a first mortgage on this property for the purpose of securing a loan of $12,000.00. The mortgage conditions, among others, stated that

'The Mortgagee is hereby specifically authorized to pay when due, or at any time thereafter, all municipal taxes, charges and assessments, and insurance premiums, upon the mortgaged property and to charge the same to the account of the Mortgagor.'

"The conditions of the purchase were such that the plaintiffs and Otis Vaughn as the Seller made an adjustment of 1964 real estate taxes on the basis of the 1963 taxes rate and the plaintiffs were credited by the Seller

with the sum of $111.40, this sum representing the Seller's portion of 1964 taxes on the property assessment of $5,800.00. There were no other stipulations or agreements between the parties as to real estate taxes for 1964.

"As a further condition of its mortgage with the defendant, the plaintiffs established a tax escrow account with the defendant for the payment of real estate taxes on their property to the City of Boston for the year 1964 and on *March* 12, 1964 the plaintiffs paid to the defendant for this tax escrow account the sum of $289.80 and thereafter were to pay the monthly sum of $48.30 to the defendant towards this tax escrow account. At all times pertinent to the several transactions involved, the account of the plaintiffs with the defendant was current and up to date.

"On January 1, 1964 the property at 10 Stella Road was assessed to the Seller, Otis Vaughn, who was entitled to a tax exemption under provisions of G.L. c. 59, §5, as a veteran. The 1964 City of Boston tax bill was issued in his name and there was stamped thereon 'Veteran's credit $199.60' with a balance of the tax due in the amount of $379.24. Some time in September, 1964 Otis Vaughn presented this veteran's tax abatement slip to the defendant and on September 22, 1964 the defendant deducted from the plaintiff's tax escrow account the sum of $199.60 and gave the same to Otis Vaughn.

"This deduction of $199.60 by the defend-

ant from the tax escrow account which it held for the plaintiff was done without the knowledge, consent or permission of the plaintiffs. The plaintiffs thereafter made demand upon the defendant to restore the sum of $199.60 to their tax escrow account, the defendant refused to do so, and as a result the plaintiffs have brought this court action against the defendant for the recovery of $199.60.

"All of the plaintiffs' interrogatories and the defendant's answers thereto may be admitted in evidence."

Treating the above statement as a "case stated" the court ignored the requests for rulings filed by the parties and found for the plaintiff in the amount of $199.60. The defendant being aggrieved by the finding brings this report.

The defendant was a trustee for the purpose of paying taxes. There was no privity of contract between Mr. Vaughn, the seller of this property, and the defendant. The defendant owed no obligation to the seller of the property, Mr. Vaughn. Its obligation was to pay the taxes and then to account to the plaintiff for the balance of the money due, or if it failed to have enough money in the tax escrow account it was to notify the plaintiff of a balance that might be still due the City of Boston. The payment to the seller, Mr. Vaughn, by the bank was not a payment of taxes. It was an abatement which in effect is a reduction in taxes and not a tax payment.

Had the taxes been assessed in a greater

amount than the plaintiff had deposited in the escrow account then the plaintiff would have been undoubtedly required to pay the difference. Conversely, since the net amount of taxes due was less than the amount the plaintiff had advanced, it is only fair that the excess in the escrow account be refunded to the plaintiff or applied in reduction of the unpaid mortgage principal.

*Report dismissed.*

*Gillen, J.* concurring:

I concur with the conclusion reached for the following reasons:

The plaintiffs established a tax escrow account with the defendant for the payment of the real estate taxes on this property, when the property was sold.

The 1964 tax bill was issued in the name of Otis Vaughn as the property was assessed to him as of January 1, 1964.

When the defendant deducted the sum of $199.60 from the escrow account (the city having decreed this was the "Veteran's Credit" on the 1964 tax bill) and paid the same to Vaughn this action was improper.

The defendant owed no obligation to Vaughn (the seller) that would justify this act.

The former owner (Vaughn) was a stranger to the mortgage relationship and the escrow agreement. Payment of the said $199.60 (the veteran's credit) to Vaughn was a breach of the agreement between the plaintiffs and the defendant.

*Adlow, C.J.,* dissenting:

I dissent from the opinion of the majority.

The obligation owed by the defendant bank to the plaintiff was to retain the monthly escrow monthly deposits until the tax for 1964 was ascertained and payable, and then to pay it. Should any surplus remain in the tax fund after this duty was performed the surplus was to be credited to the plaintiff's mortgage account with the defendant bank. We know that the 1964 tax due on the plaintiff's house amounted to $578.84, and that the bill for the tax was made out to Otis Vaughn, from whom the plaintiff took title in March, 1964, and in whose name the property stood on January 1, 1964. By reason of his veteran status, Otis Vaughn received a tax credit for $199.60 with his tax bill and tendered same to the defendant bank, at the same time requesting reimbursement for the amount of the tax credit. This the bank did. The plaintiff insists that the bank had no right to make this payment to the veteran Vaughn without his consent. I do not agree.

Whether or not the defendant bank discharges the tax claim against the plaintiff's house by tendering the veteran's tax credit plus an additional sum of $379.24 is of no concern to the plaintiff. If the city treasurer accepts the veteran's tax credit in lieu of cash and the further sum of $379.24 the claim for the 1964 taxes on the plaintiff's house will be discharged.

If the defendant bank erred in paying to

the veteran, from whom the plaintiff purchased, the amount of the veteran's tax credit, and if the treasurer of the City of Boston refuses to honor this credit, then the loss must fall on the defendant bank, which in addition to the $199.60 already advanced, will be obliged to pay out the full amount of the tax. There is no suggestion anywhere that should this contingency arise the loss occasioned by the payment to the veteran will be suffered by the plaintiff. It is pertinent to observe that the plaintiff does not claim to be entitled to the veteran's credit by reason of his purchase. Whether the defendant bank acted properly in purchasing the veteran's tax receipt for $199.60 is no concern of the plaintiff. It is sufficient to state that the matter is entirely outside the scope of the escrow agreement, and provides no basis for a recovery by the plaintiff. The transaction was strictly *res inter alios*. The bank is only accountable to the plaintiff for such sums as are in its hands after the taxes are paid. On this basis it does not appear that any such balance remains. I see no reason why the manner employed by the defendant to keep its agreement should provide the occasion for a windfall to the plaintiff. The agreement of the defendant to pay the plaintiff's taxes when they became due was fully kept.

Paul A. Carbone of Boston for the Plaintiff.
Frederick A. Hunt of Boston for the Defendant.